# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD RAY BAILEY, | CV F  06-0457 AWI DLB HC |
| Petitioner, | FINDINGS AND RECOMMENDATIONS REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| BERNIE ELLIS, Warden | [Doc. 1] |
| Respondent. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## BACKGROUND[1]

Petitioner is currently in custody of the Bureau of Prisons at the United States Penitentiary located in Taft, California, pursuant to a judgment of the United States District Court for the Southern District of Iowa entered on November 15, 1999, following Petitioner's guilty plea of various drug related offenses. (Petition, at 3-4.)

Petitioner indicates that he was sentenced to a total term of 540 months. One of the charges of which Petitioner pled guilty was a violation of Title 21 of the United States Code section 841(a)(1), which states, "it shall be unlawful for any person knowingly or intentionally - (1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance." Petitioner indicates that at the time of his sentence, the

---

[1] This information is derived from the petition of writ of habeas corpus, filed by Petitioner.

amount of the controlled substance involved in the offense was considered a sentencing factor, and not an element of the crime, thereby allowing the sentencing court to base its finding on a preponderance of the evidence standard. (Petition, at 5-6.)

It appears that Petitioner has filed a direct appeal and motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255 in the sentencing court and said motion was denied.

On April 20, 2006, Petitioner filed the instant petition for writ of habeas corpus in this Court. Petitioner claims that "First, petitioner has been found guilty and sentenced to imprisonment under a statute [841(b)(1)(A)] for which he was not charged; and second, that because of the subsequent interpretation of 841(b) by the circuit court's, petitioner's charged conduct does not meet the elements of the aggravated offense of 841(b), making him actually innocent of the conviction and sentence under 841(b)(1)(A)." (Petition, at 2.)

## JURISDICTION

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981). In such cases, *only the sentencing court has jurisdiction*. Tripati, 843 F.2d at 1163. A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990); Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991); United States

1 v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987).

2  In this case, Petitioner is challenging the validity and constitutionality of his sentence rather than an error in the administration of his sentence. Therefore, the appropriate procedure would be to file a motion pursuant to § 2255 and not a habeas petition pursuant to § 2241. Petitioner concedes this fact. Petitioner admits bringing this petition as a § 2241 petition instead of a § 2255, because he has already sought relief by way of § 2255. However, a petition contending Petitioner's sentence is invalid is still a § 2255 petition regardless of what Petitioner calls the petition. See Brown, 610 F.2d at 677.

 In rare situations, a federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 *if* he can show the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting § 2255). Although there is little guidance from any court on when § 2255 is an inadequate or ineffective remedy, the Ninth Circuit has recognized that it is a very narrow exception. Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir.2003); Pirro, 104 F.3d at 299; Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956). The Ninth Circuit has provided little guidance on what constitutes "inadequate and ineffective" in relation to the savings clause. It has acknowledged that "[other] circuits, however, have held that § 2255 provides an "inadequate or ineffective" remedy (and thus that the petitioner may proceed under § 2241) when the petitioner claims to be: (1) factually innocent of the crime for which he has been convicted; and, (2) has never had an "unobstructed procedural shot" at presenting this claim." Ivy, 328 F.3d at 1059-60, *citing*, Lorentsen v. Hood, 223 F.3d 950, 954 (9th Cir.2000) (internal citations omitted). The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

 Section 2255 states:

 A second or successive motion must be certified as provided in section

3

2244 by a panel of the appropriate court of appeals to contain-
   (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
   (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Petitioner has not demonstrated that § 2255 provides an "inadequate or ineffective" remedy. Petitioner's contention that he has not had an unobstructed chance to raise the instant challenge because the law was issued subsequent to his prior section 2255 motion, is without merit. Petitioner has not stated whether he has sought permission from the Eighth Circuit Court of Appeals to file a successive § 2255 motion. It is possible that the Eighth Circuit Court of Appeals would grant such a motion in which case Petitioner would have yet another opportunity to present his claim in the proper forum. Thus, Petitioner has not shown that he did not have an "unobstructed procedural shot" at presenting his challenges to the applicable Circuit Court of Appeals.

Petitioner's claim that he is actually innocent of the underlying offense in light of the Supreme Court's holding in Apprendi, is also without merit. "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley v. United States, 523 U.S. 614, 623 (1998) (quoting Schlup v. Delo, 513 U.S. 298, 327-28, 115 S.Ct. 851 (1995)). "Actual innocence" means factual innocence, not mere legal insufficiency. Id. Apprendi relates only to the applicability of an increased statutory maximum. The Supreme Court in Apprendi held that "any fact [other than a the fact of a prior conviction] that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi v. New Jersey, 506 U.S. 466, 488-490 (2000). Thus, even assuming Apprendi is applicable to Petitioner's case, it is insufficient to demonstrate that Petitioner is "actually innocent" of the crime for which he was convicted. Petitioner's reliance on Apprendi demonstrates only that he challenges a legal insufficiency in his conviction. Bousley, 523 U.S. at 623, 118 S.Ct. 1604 (actual innocence requires a showing of factual innocence, not mere legal insufficiency).

In any event, even if the petition was allowed to pass through the savings clause, it would be without merit because <u>Apprendi</u> does not apply to cases on collateral review. <u>Reynolds v. Cambra</u>, 290 F.3d 1029, 1030 (9th Cir. 2002). Therefore, the petition should be dismissed.

## RECOMMENDATION

Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be DISMISSED because the petition does not allege grounds that would entitle petitioner to relief under 28 U.S.C. § 2241.

These Findings and Recommendations are submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)©. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **May 23, 2006**           **/s/ Dennis L. Beck**
3b142a                                    UNITED STATES MAGISTRATE JUDGE