UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GERALD RAY BAILEY, | ) | 1:06-cv-00457-AWI-DLB-HC |
| | ) | |
| Petitioner, | ) | **ORDER ADOPTING FINDINGS AND** |
| | ) | **RECOMMENDATIONS** (Doc. 2) |
| v. | ) | |
| | ) | **ORDER DISMISSING PETITION** |
| BERNIE ELLIS, Warden, | ) | **FOR WRIT OF HABEAS CORPUS** |
| | ) | |
| Respondent. | ) | **ORDER DIRECTING CLERK TO** |
| | ) | **ENTER JUDGMENT** |

Petitioner is a federal prisoner proceeding pro se with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

On May 24, 2006, the Magistrate Judge filed Findings and Recommendations that the Petition for Writ of Habeas Corpus be DISMISSED because it does not allege grounds that would entitle petitioner to relief under 28 U.S.C. § 2241.  These Findings and Recommendations were served on all parties and contained notice that any objections were to be filed within thirty (30) days from the date of service of that order.  On June 14, 2006, petitioner filed a motion to extend time.  On June 28, 2006, the court granted petitioner an additional thirty (30) days within which to respond. On July 5, 2006, Petitioner filed objections to the Findings and Recommendations.

1

In his objections, Petitioner continues to claim that section 2255 is inadequate and/or ineffective to challenge the instant claims because his claim is based on subsequent court opinions that have altered the prevailing interpretation of 18 U.S.C. 841(b)(1)(A),(B), resulting in his actual innocense of the conviction.[1] Petitioner relies on the cases of United States v. Buckland, 289 F.3d 558 (9th Cir. 2002)[2] and United States v. Sheppard, 219 F.3d 766 (8th Cir. 2000).  Petitioner's reliance on these cases is misplaced.  Petitioner is attempting to disguise his Apprendi claim by citing Buckland and Sheppard, which both involved the application of Apprendi[3] to claims that were raised on *direct appeal*.  Buckland, 289 F.3d at 563-568; Sheppard, 219 F.3d at 767-769.  Whereas, here, Petitioner is attempting to raise an Apprendi claim on collateral review via § 2241, which is foreclosed by the holding in Reynolds v. Cambra, 290 F.3d 1029, 1030 (9th Cir. 2002), where the Ninth Circuit held that Apprendi does not apply retroactively to cases on collateral review.  Thus, even if Petitioner were allowed to pass through the saving clause, his claim is without merit.

---

[1] Petitioner makes no showing that he is factually innocent of the underlying conviction; rather, Petitioner claims constitutional error in the calculation of his sentence.  Sentencing error does not constitute actual innocence as set forth by the Supreme Court in Bousley v. United States, 523 U.S. 614, 623 (1998) ("To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.")

[2] Petitioner provides the citation of 277 F.3d 1173 (9th Cir. 2002); however, that opinion was superseded and amended by 289 F.3d 558 (9th Cir. 2002).

[3] Both Buckland and Sheppard relied on the holding in Apprendi that "any fact [other than the fact of a prior conviction] that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi v. New Jersey, 506 U.S. 466, 488-490 (2000).

1    In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Petitioner's objections, the Court concludes that the Magistrate Judge's Findings and Recommendations are supported by the record and proper analysis.  Petitioner's objections present no grounds for questioning the Magistrate Judge's analysis.

    Accordingly, IT IS HEREBY ORDERED that:

    1.   The Findings and Recommendations, filed May 24, 2006, are ADOPTED IN FULL;

    2.   The Petition for Writ of Habeas Corpus is DISMISSED because it does not allege grounds that would entitle petitioner to relief under 28 U.S.C. §  2241; and,

    3.   The Clerk of Court shall enter judgment.

IT IS SO ORDERED.

**Dated:   October 24, 2006**               **/s/ Anthony W. Ishii**
0m8i78                                      UNITED STATES DISTRICT JUDGE