# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD RAY BAILEY, | CV F   06-0457 AWI DLB HC |
| Petitioner, | ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION |
| v. | [Doc. 8] |
| BERNIE ELLIS, Warden | |
| Respondent. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On May 24, 2006, the Magistrate Judge assigned to this action issued Findings and Recommendations recommending that the petition be dismissed for failure to state a cognizable federal claim. On October 24, 2006, the undersigned adopted the Findings and Recommendations in full and dismissed the instant petition for writ of habeas corpus and judgment was entered.  (Court Docs. 6, 7.)  Now pending before the Court is Petitioner's motion for reconsideration, filed November 9, 2006.  (Court Doc. 8.)

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court.  The Rule permits a district court to relieve a party from a final order or judgment on grounds of:   "(1) mistake, inadvertence, surprise, or excusable neglect; (3) fraud . . . of an adverse party, . . .; (4) the judgment if void; . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b).

In his motion, Petitioner contends that in United States v. Buckland, 277 F.3d 1173 (9th Cir. 2002), superseded and amended 289 F.3d 558 (9th Cir. 2002), the Ninth Circuit articulated the substantive elements which the government must prove in order to convict a defendant under 21 U.S.C. § 841(b)(1)(A) and (B). Petitioner contends this change in the law must be applied retroactively to him. Petitioner is simply mistaken.

As Petitioner conceded in his petition for writ of habeas corpus filed in this action, at the time of Petitioner's conviction, Apprendi v. v. New Jersey, 506 U.S. 466 (2000) had not yet been decided. As stated in the October 24, 2006, order, Petitioner is attempting to disguise his Apprendi claim by citing Buckland which involved the application of Apprendi to 21 U.S.C. § 841(b)(1)(A) and (B), on direct review. (Court Doc. 6, at 2.) Although Apprendi was applied to § 841 in Buckland, the same statute at issue in the instant petition, as previously stated, the benefit of the rule announced in Apprendi does not apply retroactively to cases, such as this, on collateral review. United States v. Sanchez-Cervantes, 282 F.3d 664 (9th Cir.), cert. denied, 537 U.S. 939 (2002); see also Reynolds v. Cambra, 290 F.3d 1029, 1030 (9th Cir. 2002).

Based on the foregoing, Petitioner's motion for reconsideration must be DENIED.

IT IS SO ORDERED.

**Dated:   January 11, 2007**                /s/ Anthony W. Ishii
0m8i78                                              UNITED STATES DISTRICT JUDGE